IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.H., et al., | ) | CASE NO.: 5:18-cv-00870 |
| | ) | |
| Plaintiffs | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| AKRON CITY SCHOOL DISTRICT | ) | ***AKRON DEFENDANTS' NOTICE OF*** |
| BOARD OF EDUCATION, et al. | ) | ***DISCOVERY DISPUTE*** |
| | ) | |
| Defendants | ) | |

Defendants Akron City School District Board of Education, Akron City School District, David W. James, Philomena Vincente, and Traci Morrison ("Akron Defendants") respectfully notify this Honorable Court of a discovery dispute relative to the deposition of the minor plaintiff pursuant to Local Rule 37.1. The Akron Defendants have made good-faith efforts to resolve the dispute but the parties have been unable to do so.

In anticipation of the May 31, 2019 discovery deadline, counsel for the Akron Defendants reached out to counsel for the plaintiffs and asked for depositions. Mr. Gilbert responded that he would provide the mother, M.H., for a deposition, but would not make the minor plaintiff available for an oral deposition. Mr. Gilbert stated that he would only make the child available for a deposition upon written questions because of a ruling in another case.[1]

---

[1] Mr. Gilbert referenced a ruling made by Judge Adams in another case involving a different plaintiff, *T.V.S. v. Akron, et. al.*, N.D. Ohio Case No. 5:18-cv-01859, wherein the Court disallowed the oral deposition of the minor plaintiff due to an expert statement provided wherein it was opined that a deposition would risk "further traumatizing" the minor plaintiff and that a "Unless there are facts of the case in dispute, any clinical interviewing should be conducted by a clinical or child psychologist." No such report has been provided in this matter. Further, the Akron Defendants vigorously opposed that Court's decision – there is no precedent for disallowing a party deposition of a competent minor who is a party because of the risk of trauma, particularly when there are issues in dispute. The only authority the Akron Defendants were able to locate disallowing a party deposition applied to *pro se* suits brought by prisoners against prison officials.

The complaint in this case levels serious and harmful allegations against the Akron Defendants that could jeopardize their teaching careers including claims that the incidents were motivated by racial animus against the plaintiffs, who are African-American.  (Christopher Hendon, who is alleged to have perpetrated the assault, is also African-American.) These public allegations are disputed, so it is imperative that the Akron Defendants be allowed to depose the minor plaintiff, a party, and *the key witness* against them.

Fed. R. Civ. P. 26(b) provides that unless limited by court order, parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information…." Furthermore, "information within the scope of discovery need not be admissible in evidence to be discoverable."[2]

Fed. R. Civ. P. 30(a)(1) provides that a party may…depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Leave of Court is only required when: (A) the parties have not stipulated to the deposition *and* (i) the deposition would result in more than 10 depositions, (ii) the deponent was already deposed, or (iii) the party seeks a deposition before the Rule 26(d) conference.  Under the liberal discovery principles of the Federal Rules, a "party is required to carry a heavy burden" to prevent a properly-noticed deposition."[3]

Case law shows that a party has a presumptive right to depose another party.  *Hammock v. Rogers*, No. 1:17-cv-1939, 2012 WL 651602, * 4 (N.D. Ohio 2019) ("Generally, a plaintiff has a presumptive right to depose named defendants and to conduct the discovery necessary to

---

[2] Fed. R. Civ. P. 26(b)(1).
[3] *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 475 (S.D. Ohio 2014) quoting *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).

prosecute the case."); *see, also, Dearing v Institutional Inspector Mahalma,* No. 1:11-cv-204, 2012 WL 524438, * 2 (S.D. Ohio 2012).

Under Fed R. Civ. P. 26(c), "upon motion by any party…from whom discovery is sought, and for good cause show, the court…may make any order which justice requires to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiffs are attempting to deprive the Akron Defendants of a party's deposition, preventing the most fundamental and basic defense against the devastating public allegations of racism.  A party has a presumptive right to depose another party. The Federal Rules provide for liberal discovery and specifically allow for the deposition of a party under Fed R. Civ. P. 30(a)(1).  Plaintiffs have no evidence that the purpose of the deposition is annoyance, embarrassment, oppression, or undue burden or expense that would prevent a deposition under Fed R. Civ. P. 26(c).

By:   /s/   Steven D. Strang
**STEVEN D. STRANG (0085444)**
**ROBERT P. LYNCH JR. (0072037)**
Gallagher Sharp LLP
Sixth Floor—Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Phone: (216) 241-5310
Fax:    (216) 241-1608
sstrang@gallaghersharp.com
rlynch@gallaghersharp.com

Attorneys for Defendants
Akron City School District Board of Education,
Akron City School District, David W. James,
Philomena Vincente, and Traci Morrison

## **CERTIFICATE OF SERVICE**

    I certify that this notice was electronically filed on April 17, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic and/or regular U.S. Mail. Parties may access this filing through the Court's system.

    /s/  Steven D. Strang
**STEVEN D. STRANG (0085444)**
**ROBERT P. LYNCH JR. (0072037)**
Gallagher Sharp LLP

Attorneys for Defendants
Akron City School District Board of Education,
Akron City School District, David W. James,
Philomena Vincente, and Traci Morrison