# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| M.J. et al., | ) | CASE NO. 5:18-cv-577 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| AKRON CITY SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

| | | |
|---|---|---|
| M.H. et al., | ) | CASE NO. 5:18-cv-870 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| AKRON CITY SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

These consolidated cases have been rife with discovery disputes that have demanded the attention of the Court and the magistrate judge assigned to the cases. Most recently, on September 12, 2019, the Court issued an order resolving a dispute over the contents of a privilege log. (Case No. 5:18-cv-870, Doc. No. 87 (Memorandum Opinion and Order).) Now the Court must address two more issues that have arisen during discovery. First, in Case No. 5:18-cv-870, defendants have noticed the Court of a discovery dispute relating to a recording plaintiff

M.H. ("M.H.") purportedly made using her cellular phone. (Case No. 5:18-cv-870, Doc. No. 67.) Second, defendants have filed motions to strike expert disclosure notices filed in each case. (Case No. 5:18-cv-577, Doc. No. 76 (Motion); Doc. No. 75 (Notice); Case No. 5:18-cv-870, Doc. No. 86 (Motion); Doc. No. 85 (Notice).) These matters are fully briefed and ripe for resolution.

      **A.     Defendants' Notice of Discovery Dispute (Case No. 5:18-cv-870)**

For purposes of framing the present discovery dispute, it is sufficient to note that these matters involve the actions of defendant Christopher Hendon ("Hendon"), who purportedly gained access to various Akron Public School buildings to operate an unsanctioned "scared straight" program. Several of the students and their families who participated in this program have brought suit against defendants. It is undisputed that plaintiff M.H. used her cell phone to record at least a portion of an encounter between Hendon and her child on April 7, 2017 that forms the basis for plaintiffs' claims against defendants.

During the course of discovery, M.H. produced a recording totaling approximately 41 seconds. According to defendants, M.H. is "largely silent [in the video]. It begins recording when the handcuffs are placed on the minor, and cuts off as soon as they begin heading to the office." (Doc. No. 67 at 489.[1]) While M.H. has represented that this brief recording represents the entirety of video she captured on her phone, defendants maintain that "multiple witnesses" have testified in depositions and will testify at trial that they observed M.H. recording a much larger portion of the encounter with Hendon. Specifically, defendants represent that "[t]here were at least three people located in the front office who saw MH recording in the office and heard

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[M.H.] laughing and encouraging Hendon as the child cried. The child's teacher, who walked with the group, also witnessed M.H. record the entire encounter into the office, and laughing and encouraging Hendon." (*Id.*) In light of these revelations, defendants propounded discovery requests upon plaintiffs designed to determine whether there is a more complete recording on M.H.'s phone. At her deposition, M.H. indicated that she could not produce the phone because it is no longer in working order, and she further represented that she has forgotten her iCloud account sign-in information and is therefore no longer able to retrieve any information saved on her phone.

Defendants followed up by drafting and serving upon plaintiffs an authorization that would permit M.H.'s service provider to release to defendants telephone records from M.H.'s phones and passwords to M.H.'s iCloud accounts for the period January 1, 2017 through December 31, 2017. (Doc. No. 67-6 (Authorization) at 528.) Given the inability to access M.H.'s phone directly, defendants represent that the Authorization represents "the only way to access the [iCloud] account and obtain account information that would enable [defendants] to verify [M.H.'s] claims about the recordings."[2] (Doc. No. 67 at 488.) After plaintiffs' counsel advised that M.H. would not sign the Authorization, defendants noticed the Court as to the discovery dispute.

Generally, the scope of discovery, as defined in Fed. R. Civ. P. 26(b)(1), has been construed as being extremely broad, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

---

[2] Defendants state that they were advised by representatives from Apple that it would take considerably longer to obtain the information through a subpoena. (Doc. No. 67 at 491.)

3

*Oppenheimer Fund, Inc. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citations omitted). The expansive nature of discoverable matters applies with equal force to Electronically Stored Information ("ESI") like cell phone data, stored in any medium from which information can be obtained either directly or, translated into a usable format. *See* Fed. R. Civ. P. 34(a)(1)(A). However, given that cell phones and other electronic means of storing information by their nature present a greater risk of invasion of privacy, court are cautioned to guard against undue intrusiveness. Fed. R. Civ. P. 34 *Advisory Comm. Notes to 2006 Amendment*. Mere skepticism that the opposing party has not produced all relevant information or has not been forthcoming in discovery responses alone does not warrant a wholesale forensic examination of the contents of electronic storing devices, such as cell phones and cloud accounts. *See Tingle v. Herbert*, No. 15-626-JWD-EWD, 2018 WL 1726667, at *6–7 (M.D. La. Apr. 10, 2018).

As an initial matter, there is no serious dispute that a recording of the events giving rise to the present litigation is well within the scope of permissible discovery. Moreover, plaintiffs do not challenge that other witnesses have called into question M.H.'s representation that the produced video represents all recording that was captured by M.H.'s phone. Nonetheless, plaintiffs maintain that the authorization is overly broad and unduly invades M.H.'s privacy.

As to the former objection, the Court agrees with plaintiffs that the Authorization is overly broad. Defendants have offered no explanation or justification as to why they are seeking a years' worth of data when the approximate date the video was created is known. Therefore, the Court shall restrict the Authorization to a time period of fourteen (14) days before and after April 7, 2017.

The Court is also mindful of plaintiffs' privacy concerns. However, the fact remains that

the phone that was in M.H.'s possession is no longer accessible. As a litigant, M.H. had a duty to preserve evidence within her control that is relevant to current or future litigation. *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019) ("The duty to preserve relevant evidence must be viewed from the perspective of the party with control of the evidence.") (quoting *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017)); *see John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (a party's duty to preserve known relevant information extends to ESI). Her failure to preserve the phone and any passwords has required the extraction of relevant information by more drastic means. Still, in order to limit the intrusion into M.H.'s personal affairs, the Court shall require that the Authorization direct the release of the requested information to Magistrate Judge George Limbert. Should the magistrate judge believe he requires the services of an expert to assist in accessing the iCloud accounts, he may, pursuant to Fed. R. Evid. 706, retain one with costs to be shared by the parties. After the magistrate judge has conducted an *in camera* inspection of the material, he shall release any relevant material to counsel for plaintiffs and defendants.

Defendants shall provide the Authorization, as modified in accordance with the Court's ruling herein, to plaintiffs' counsel by October 9, 2019. Plaintiffs shall return the Authorization, fully executed, to defendants by no later than October 16, 2019.

B. **Defendants' Motions to Strike**

On August 14, 2019, the Court conducted a telephonic status conference during which it discussed a number of matters including the status of expert discovery. As reflected in the Court's Minute Order, the Court agreed, "upon counsel's request, [to] permit the parties to wait to take the depositions of any damages experts until 30 days before the final pretrial conference."

(Minute Order, Aug. 14, 2019.) It further provided that, "[a]ll other dates and deadlines in the Amended Case Management Plan and Trial Order shall remain in effect." (*Id.*)

On September 4, 2019, more than two months after the June 28, 2019 deadline for the party with the burden of proof to identify expert witnesses, plaintiffs noticed Harvey S. Rosen as an economic expert. (Case No. 5:18-cv-577, Doc. No. 75 (Notice); Case No. 5:18-cv-870, Doc. No. 85 (Notice).) No expert report was produced in connection with these notices. In response to defendants' motions to strike, plaintiffs' counsel represents that it is his recollection of the Court's discussion with counsel at the status conference that the parties would be permitted to submit notices regarding damages experts at some later date, though a precise date was not discussed. (*See, e.g.*, Case No. 5:18-cv-870, Doc. No. 88 (Response) at 616.) Counsel's recollection does not comport with the Court's recollection or the clear language of the Court's minutes that only extended the taking of damages experts' depositions and kept all other dates, including the *already passed* deadline for noticing experts, intact.

Because plaintiffs have failed to identify any good cause for their delay, and the Court finds that defendants will be prejudiced as a result, defendants' motions to strike plaintiffs' untimely expert notices are GRANTED.

**IT IS SO ORDERED**.

Dated: October 3, 2019

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**